CORRESPONDENCE

**United States District Court**
District of Hawaii
300 Ala Moana Boulevard
Honolulu, Hawaii 96850-0229

Pro Se Staff Attorney

May 1, 2007

Mr. Michael Alvarez, #86655
Southern Desert Correctional Center
P.O. Box 208
Indian Springs, NV 89070

      RE: Alvarez v. Hawaii
            Civil No. 06-00620 SOM

Dear Mr. Alvarez:

    Your letter, received April 30, 2007, has been directed to me. You request information on how to refile a complaint raising claims that were earlier dismissed for failure to exhaust, in Alvarez v. Hawaii, Civ. No. 06-00620 SOM. (Doc. No. 117, "Order Dismissing Third Amended Complaint," issued Nov. 7, 2005, "November 7 Order.") You have now administratively exhausted your claims and "would like to refile" your complaint. You state that you were "advised that I would be able to refile my complaint under the same case number, and that I would not have to pay the filing fee again."

    In the November 7 Order, although Judge Mollway dismissed your action without prejudice, she did not address under what circumstance you may refile your claims. Ordinarily, however, when an action is terminated on procedural grounds it will not be reopened later when the procedural problems are cured. A copy of the November 7 Order is enclosed with this letter.

    I have reviewed the transcripts of the November 7, 2007, hearing on Defendants' motion to dismiss your third amended complaint to determine if the court made oral representations to you that your action would be reopened under the same case number without further payment, after you completed your administrative exhaustion. The transcripts reveal that, in contrast to what you believe, Judge Mollway explicitly informed you that you "would have to file a whole new action[,] in other words . . . because I am basing it on a failure to exhaust . . . [if you] exhaust[] then [you] can file a whole new action[,] not this action[,] it would be a whole new action." (Trans. Nov. 7, 2005, Motion to Dismiss Third Amended Complaint.)

Mr. Michael Alvarez
May 1, 2007
Page 2


You may have been advised that you would be able to reopen your terminated action, and thus, be exempted from submitting a new filing fee, but this advice is incorrect. If you decide to pursue another action based on your earlier claims, you will be required to submit a new complaint form and commence a new action. I caution you that, pursuant to 28 U.S.C. § 1915, as a prisoner you will be required to pay the filing fee of $350 for commencing a civil action pursuant to 42 U.S.C. § 1983. If you cannot afford the filing fee, you may apply to proceed *in forma pauperis*. This means that after the court determines that you qualify, monthly payments will be deducted from your inmate trust account until you have paid the filing fee in full. If your complaint is later dismissed, for whatever reason, you will still be responsible for the full filing fee. I have enclosed a complaint form and an *in forma pauperis* application with this letter.

Before you spend time or money filing any action, however, you may find it useful to research the issue of whether you do indeed have the right to refile your claims at this time. I cannot advise you on whether you do or do not have any such right, but you may be interested to know that there are recent developments in the law on this issue, such as, but not limited to, the recent Supreme Court opinion in *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006) (holding that exhaustion is not satisfied by filing an untimely or otherwise procedurally defective grievance). These recent developments may or may not affect any claims you propose to bring.

                                                  Sincerely,

                                                  Pro Se Staff Attorney


Enclosures

cc: John M. Cregor, Jr., Esq.